IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 01-334-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| JESUS REYNA-ZARAGOZA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Kemp L. Strickland
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Jesus Reyna-Zaragoza, #14582-097
Federal Correctional Institution
3600 Guard Road
Lompoc, California 93436

    Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Jesus Reyna-Zaragoza pleaded guilty to conspiracy to manufacture more than 500 grams of methamphetamine and was sentenced to 151 months of imprisonment. Before the court is Reyna-Zaragoza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (#221).

## PROCEDURAL BACKGROUND

Reyna-Zaragoza was arraigned on August 4, 2003, with attorney James Jameil Ahmed appearing with him in place of attorney Paul Ferder. After several continuances of the trial date, Ferder moved to withdraw on October 4, 2004. The court held a status conference on October 5, 2004, with both Reyna-Zaragoza and Ferder present, and allowed Ferder to withdraw. Michael Levine was appointed and appeared with Reyna-Zaragoza for a status conference on October 15, 2004.

On March 14, 2005, the day before trial, the court held a hearing to discuss Levine's recently filed motion to substitute new counsel. At the start of the hearing, Levine informed the court that his client wished to speak to his sister, who had traveled to the court from California. The court recessed to allow the meeting. When the hearing resumed, Levine informed the court that Reyna-Zaragoza wanted to have Levine remain as his attorney and also wanted to accept the plea bargain offered by the government. The court recessed for several hours to allow the paperwork to be drafted and reviewed with Reyna-Zaragoza. At 4:00 PM that afternoon, the court accepted Reyna-Zaragoza's guilty plea.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). An evidentiary hearing is not required for issues that can be resolved by reference to the state court record. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Id.

## DISCUSSION

Reyna-Zaragoza raises a claim of ineffective assistance of counsel and a claim of a violation of his constitutional right to due process.

Page 3 - OPINION AND ORDER

In his plea agreement, Reyna-Zaragoza waived his right to file a collateral attack, including a § 2255 motion, challenging his conviction or sentence or any grounds except ineffective assistance of counsel. A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1992). There is no evidence or argument that Reyna-Zaragoza did not knowingly and voluntarily waive this right. To the extent possible, however, I will construe the due process claim as allegations that counsel was ineffective for failing to do something.[1]

I.   Applicable Law

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), cert. denied, 119 S. Ct. 1777 (1999). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

---

[1] Reyna-Zaragoza also contends that his right to due process was violated because the court abused its discretion in not permitting him to withdraw his guilty plea. Reyna-Zaragoza unsuccessfully appealed this issue to the Ninth Circuit. I do not consider the argument.

Page 4 - OPINION AND ORDER

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.

II.  Withdrawal of Attorney Ferder

Reyna-Zaragoza claims that his right to counsel was violated when the court granted attorney Ferder's motion to withdraw without first appointing new counsel to advise Reyna-Zaragoza at the hearing. I will construe this as a claim that Ferder was ineffective in not asking the court to appoint new counsel to assist Reyna-Zaragoza at the hearing on the motion to withdraw.

The right to counsel attaches at critical stages of a criminal prosecution. Hovey v. Ayers, 458 F.3d 892, 901 (9th Cir. 2006). The presence of any of the following factors may be sufficient to render a stage of the proceedings critical: "(1) failure to pursue strategies or remedies results in a loss of significant rights, (2) skilled counsel would be useful in helping the accused understand the legal confrontation, and (3) the proceeding tests the merits of the accused's case." Id. (internal quotation omitted).

The only issue addressed at the status conference was attorney Ferder's motion to withdraw. Reyna-Zaragoza did not face any possible loss of rights, there was no legal confrontation, and the merits of the case were not tested in any way. Nothing else was done until attorney Levine was appointed. The status conference was not a critical stage of the prosecution.

Page 5 - OPINION AND ORDER

Consequently, Reyna-Zaragoza was not entitled to unconflicted counsel–someone other than attorney Ferder–to assist Reyna-Zaragoza at the hearing. Attorney Ferder was not ineffective in failing to request a second attorney be present prior to the court addressing his request to withdrawal.

III.     Impeachment of Diaz-Vargas

Reyna-Zaragoza contends that attorney Levine was ineffective in failing to locate evidence to impeach the prosecution witness, Reyna-Zaragoza's former brother-in-law, Diaz-Vargas. Reyna-Zaragoza claims that Diaz-Vargas' wife was threatened in a letter that if Diaz-Vargas did not inculpate Reyna-Zaragoza, her children would be taken away from her. Reyna-Zaragoza contends that Levine did not properly investigate this powerful impeachment evidence.

Attorney Levine stated in a declaration that he was aware that he could impeach Diaz-Vargas based on his strong incentive to lie in order to receive a favorable plea agreement from the government. Several months after Reyna-Zaragoza's guilty plea, he told Levine about the threatening letter to Mrs. Diaz. Levine's investigator tried to locate the letter or anyone who recalled seeing it but was unable to do so. The inability to locate the letter is not outside the range of professionally competent assistance.

IV.     Possibility of a Life Sentence

Reyna-Zaragoza argues that attorney Levine was ineffective in not providing Reyna-Zaragoza with information, in Spanish, that the maximum sentence for the crime to which he would plead guilty was life in prison. Reyna-Zaragoza notes that the written Spanish translation of the plea petition did not mention the possibility of life imprisonment because the blank on the form was not completed.

Page 6 - OPINION AND ORDER

Although the Spanish plea petition was not properly completed, Levine states that he informed Reyna-Zaragoza of the possible life sentence and that Spanish interpreter Peggy Snyder read the plea agreement to Reyna-Zaragoza in Levine's presence. The plea agreement states on the first page that the maximum sentence is life imprisonment.

Moreover, at the first hearing on the day of Reyna-Zaragoza's guilty plea, the prosecutor stated that the maximum sentence was life. An interpreter was present at this hearing and at the plea colloquy later in the afternoon. The prosecutor repeated this during the actual plea colloquy and the court asked Reyna-Zaragoza if he understood that the maximum penalty was life imprisonment. Reyna-Zaragoza stated that he understood. His argument now to the contrary is unpersuasive in light of the numerous instances in which he was informed about the possibility of a life sentence.

V.    Drug Quantities

Reyna-Zaragoza contends that the plea colloquy failed to satisfy due process because he was not advised that the government was required to prove the drug quantity beyond a reasonable doubt. I will construe this as defense counsel's failure to provide this advice to Reyna-Zaragoza.

As part of the plea bargain, Reyna-Zaragoza agreed that the relevant conduct was more than 15 kilograms of methamphetamine. This is stated in the plea agreement and was explained by the prosecutor during the plea colloquy. The court also explained during the plea colloquy that by pleading guilty, Reyna-Zaragoza was giving up his right to a trial by jury in which the government would have to prove every element of the charge beyond a reasonable doubt. Reyna-Zaragoza stated that he understood he was giving up this right.

Thus, even if defense counsel did not explain this requirement to Reyna-Zaragoza, it was explained during the plea colloquy and obviated by the plea agreement. Thus, there was no prejudice to Reyna-Zaragoza.

VI.     Failure to Investigate a Defense

Reyna-Zaragoza argues that attorney Levine failed to provide effective assistance of counsel because he failed to fully investigate a defense. Reyna-Zaragoza claims that he could have prevailed on a defense of innocence. He gives no details, however, on how counsel could have rebutted the evidence the prosecutor described during the plea colloquy. Reyna-Zaragoza only refers again to the letter which could have impeached Diaz-Vargas. But as described above, Levine could not locate the letter. In addition, the government had other witnesses. Levine states in his declaration, however, that if the case had proceeded to trial, he was ready with a reasonable theory of defense.

I also note that Reyna-Zaragoza's claim of innocence is quite suspect in light of the admissions he made during his plea colloquy. Reyna-Zaragoza stated that when he obtained materials to make methamphetamine, he knew that making and selling methamphetamine was illegal.

In sum, Levine did not give ineffective assistance of counsel by failing to investigate a defense.

///


///

## CONCLUSION

There is no need for a hearing. The records conclusively show Reyna-Zaragoza is not entitled to relief. Reyna-Zaragoza's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (#221) is denied.

IT IS SO ORDERED.

Dated this 30th day of October, 2008.

_____
Garr M. King
United States District Judge

Page 9 - OPINION AND ORDER